Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 5011 | **DATE** | 9/20/2011 |
| **CASE TITLE** | Chicago United Industries, Ltd, et al. v. City of Chicago | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendants' bill of costs [341] seeking $60,356.82 in costs associated with copying, court reporting and transcripts, subpoena fees, and expert witness fees. For the reasons stated below, the Court awards $35,731.82 in costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920 and $12,800.00 in expert witness fees under Fed. R. Civ. P. 26(b)(4)(C) for a total award of $48,531.82.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); see also *Rivera*, 469 F.3d at 634-35. Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). Defendant claims $60,356.82 in costs: $18,169.75 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case, $16,754.07 for exemplification and copies of papers necessarily obtained for use in the case, $808.00 for subpoenas, and $24,625.00 for expert witness fees. [FN 1]

> [FN 1] The Court recognizes that expert witness fees recoverable under Federal Rule of Civil Procedure 26(b)(4)(C) are not customarily included in a prevailing party's bill of costs. Plaintiffs, however, have not objected to Defendants' inclusion of expert witness fees in their claimed costs; they argue only that the requested fees are excessive. Accordingly, rather than requiring the parties to brief the expert witness fees issue in separate filings, the Court will address the issue in this opinion.

## STATEMENT

Plaintiff has objected to the requested costs in two respects. First, Plaintiff contends that the costs sought for reimbursement of work performed by Defendants' accounting expert, Mark Hosfield, are excessive in certain respects. Second, Plaintiffs submit that Defendants have not provided sufficient documentary support for their copying costs. The Court addresses each objection in turn.

Defendants seek reimbursement of $24,625.00 in expert witness fees pursuant to Federal Rule of Civil Procedure 26(b)(4)(C). That rule requires an opposing party to "pay the expert a reasonable fee for time spent in responding to discovery." Defendants claim a right to payment for the hours associated with Hosfield's preparation for his deposition as well as for the actual deposition time. As Judge Shadur has observed, "[t]here are mixed judicial rulings" on the recoverability of an expert's preparation time. *Waters v. City of Chicago*, 526 F. Supp. 2d 899, 900 (N.D. Ill. 2007); see also 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Prac. & Proc. § 2034 (3d ed. 2011). However, the "majority view in cases decided around the country is that preparation time * * * is compensable" under Rule 26(b)(4)(C). *Waters*, 526 F. Supp. 2d at 900; see also *Collins v. Village of Woodridge*, 197 F.R.D. 354, 357 (N.D. Ill. 1999) ("the better reading of Rule 26(b)(4)(C)(i) is that the expert's reasonable fees for preparation time are recoverable by the party who tendered the expert"). This Court cannot improve on the analysis by Judges Shadur and Kennelly in the cases cited above and agrees with its colleagues' construction of Rule 26.

The remaining question is whether the specific costs for which Defendants seek reimbursement are "reasonable." Fed. R. Civ. P. 26(b)(4)(C). Courts that have applied that principle frequently have focused on the "ratio of preparation time to deposition time." *Collins*, 199 F.R.D. at 358. In some circumstances—for example, a short deposition of a minor fact witness—"the 'reasonable' compensation for deposition preparation time [may] be zero or a nominal amount." *Id.* In this district, judges have approved compensation at a 1.5:1 or even a 3:1 ratio. See *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *5 (N.D. Ill. Jan. 23, 2007) (approving 3:1 ratio "based on the extensive document review required, the complexity of the issues, and the breadth of the expert's report); *Collins*, 197 F.R.D. at 358 (rejecting 3:1 ratio, but approving 1.5:1 ratio in view of, *inter alia*, "unusually extensive" amount of material that experts reviewed in preparation for deposition).

The same considerations that justified a multiplier in *Nilssen* and *Collins* are present in this case. As the Court previously has observed, this was a complex, document-intensive case that was hard fought on both sides. The Court also recognizes that the preparation of expert witnesses for deposition frequently is more time consuming than for fact witnesses. At the same time, the Court does not think it likely that this case was more complicated than the patent infringement case in which Judge Darrah approved a 3:1 preparation-to-deposition ratio, and thus the Court will apply that same ratio to Hosfield's efforts in this case. The parties agree that the deposition lasted five hours; thus, the Court will award costs in the amount of 20 hours, multiplied by Hosfield's rate of $550.00 per hour, for a total of $11,000.00. In reaching that conclusion, the Court does not mean to second guess the choices of counsel and/or witness to devote substantial effort to deposition preparation. The issue is how much of the cost for that effort reasonably can be shifted to the other side, and the Court's conclusion in that regard is 15 hours worth. When combined with the $1,800.00 in fees Defendants seek for their other expert witness, Lynsey N. Honegger—to which Plaintiffs does not object—the Court awards Defendants $12,800.00 for expert witness fees.

Next, Defendants seek $16,754.07 in photocopying and exemplification costs pursuant to 28 U.S.C. § 1920(4), which allows a judge to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." See *Tchemkou v. Mukasey*, 517 F.3d 506, 513 (7th Cir. 2008). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for

| STATEMENT |
|---|

copies made for attorney convenience are not. See *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). Under Section 1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble*, 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide the best breakdown obtainable from the records. See *id.*

The Court has reviewed the supporting materials attached to Defendants' bill of costs, as well as the supplemental declaration of Defendants' attorney, Rachel D. Powell, and finds that the description of costs Defendants provide is sufficient. See, *e.g.*, *M. v. City of Chicago Bd. of Educ.*, No. 10 C 2110, 2010 WL 4639259, at *4 (N.D. Ill. Nov. 8, 2010) (finding the plaintiffs' breakdown of costs sufficient under *Northbrook Excess & Surplus Ins.*) The Court also concludes that the amounts requested are well within the bounds of copying costs previously found to be reasonable. See, *e.g.*, *Kaplan v. City of Chicago*, No. 05 C 2001, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) ("courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable"); *Shanklin Corp. v. Am. Packaging Mach., Inc.*, No. 95 C 1617, 2006 WL 2054382, at *4 (N.D. Ill. July 18, 2006) (same). Therefore, the Court awards Defendants $16,754.07 in photocopying and exemplification costs under Section 1920(4).

For the reasons stated above, the Court awards Defendants: $18,169.75 for court reporter fees; $16,754.07 for copy fees; $808.00 for subpoenas; and $12,800.00 for expert witness fees under Rule 26(b)(4)(C), for a total award of $48,531.82.